IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aubrey Vernell Haynes,<br><br>     Plaintiff,<br><br>v.<br><br>Ms. Paree – Nubian Princess Ent. (Defendant); is being sued in her official, individual & personal capacities; jointly & separately, et al. Defendant being "sued" in her individual & personal capacities; jointly & separately for declaratory, injunctive & monetary etc.,<br><br>     Defendant. | C/A No. 4:12-329-RBH-KDW<br><br>REPORT AND RECOMMENDATION |

  Aubrey Vernell Haynes ("Plaintiff"), proceeding pro se, brings this civil action. It appears that Plaintiff is an inmate at a Michigan state correctional facility, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice.

Background

  Plaintiff alleges that on October 17, 2011, he sent, by institutional check from the facility's accounting/business supervisor of the Ionia Maximum Correctional Facility, in Ionia, Michigan, a $10.00 payment to Defendant, who allegedly is located in Timmonsville, South Carolina. Compl. at 2-3, ECF No. 1. Plaintiff alleges he sent the $10.00 to purchase a "'color photo catalog,' and (8x10 photo)." *Id.* at 3. Plaintiff alleges Defendant failed to provide him with the purchased products, which he had ordered as a "public consumer/customer." *Id.* He alleges Defendant

received the $10.00 payment, but she failed to "live up to her duties and obligations as an owner of a legitimate corporation." *Id.* Plaintiff alleges that he is litigating these issues: false advertisement; consumer fraud; breach of contract; embezzlement; fraud; and, theft. *Id.* at 2. Essentially, Plaintiff seeks the following relief: a declaratory ruling that Defendant violated the "Customer Rights Act/Law" and violated Plaintiff's constitutional rights to due process and equal protection; and, compensatory and punitive damages. *Id.* at 4.

## Discussion

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, this pro se pleading is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Liberty Univ. v. Geithner*, No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (discussing a federal court's independent obligation to examine its subject matter jurisdiction). Because federal courts have limited subject

matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a federal question, then the court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. Here, although Plaintiff may be alleging a § 1983 claim for violation of his constitutional rights, as a matter of law and based on the alleged facts, he cannot pursue such a claim. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law

to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, allegedly Defendant is a private individual who owns a business, which may be incorporated. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir. 2000). In this case, there are no allegations of any facts that could show Defendant was a state actor or acted in joint activity with a state actor. Thus, Plaintiff has not alleged a cognizable claim pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights.

Of course, federal question jurisdiction may be present if Plaintiff alleges a cognizable claim for violation of another federal law, which he attempts by alleging a violation of an unspecified federal statute. In his Complaint, Plaintiff alleges that Defendant violated "the Customer Rights Act/Law," and he alleges false advertising and consumer fraud. ECF No. 1 at 2. However, Plaintiff does not rely on a specific federal statute, and the court is not aware of a federal statute applicable to Plaintiff's situation. *Cf. Nat'l Fed'n of the Blind v. F.T.C.*, 420 F.3d 331, 333-39 (4th Cir. 2005) (explaining the Federal Trade Commission ("FTC") Act and the Telemarketing Act gave the FTC certain powers to protect consumers from fraud). The FTC Act prohibits unfair or deceptive acts

4

or practices; however, it does not give individuals a private cause of action. *See* 15 U.S.C. § 45(a)(1); *Bartner v. Carter*, 405 A.2d 194, 200-01 (Me. 1979) (explaining that Maine created a statute patterned after the FTC Act, but that the federal act has no provision under which an individual may pursue his own remedy for violation of the Act). The Lanham Act, 15 U.S.C. § 1125(a), provides a cause of action for false advertising. *See PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 120-21 (4th Cir. 2011). A customer, however, does not have standing to pursue a claim under the Lanham Act, which protects claims related to commercial interests such as a business competitor's allegation of unfair competition. *See Swartz v. Schaub*, 826 F. Supp. 274, 276 (N.D.Ill. 1993) (finding no federal question arises when a buyer alleges a seller of goods violated the Lanham Act); *see also Brunson Commc'ns, Inc. v. Arbitron, Inc.*, 239 F. Supp. 2d 550, 573-76 (E.D.Pa. 2002) (explaining the Lanham Act protects a commercial plaintiff whose commercial interests have been harmed). Therefore, Plaintiff does not allege a cognizable federal question claim that would give this court subject matter jurisdiction over this action.

Plaintiff's Complaint seems to raise state law claims for breach of contract, fraud, and possibly a violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-140. A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant, and Plaintiff's allegations that he is domiciled in Michigan

5

and Defendant is domiciled in South Carolina satisfy that requirement. *C. W. Va. Energy Co.*, 636 F.3d at 103. However, Plaintiff does not allege a sufficient amount in controversy because he seeks unspecified compensatory and punitive damages, and the underlying dispute relates to a $10 purchase of goods. Generally, the "'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citation omitted). However, if it is apparent to a legal certainty that a plaintiff cannot recover the jurisdictional amount, the case may be dismissed for want of jurisdiction. *Cf. Kress v. Ala. Motor Express*, C/A No. 8:04-22042-RBH, 2005 WL 3298886, at *1 (D.S.C. Dec. 5, 2005) (finding the unspecified amount in the complaint alleging past pain and suffering, medical and hospital expenses, lost wages, and future suffering, satisfied the amount in controversy). Although Plaintiff has the burden of alleging facts in the Complaint that provide the court with jurisdiction, here Plaintiff has only specified that he paid $10.00 for a product which he did not receive. Even if Plaintiff eventually wins his case on a breach of contract claim or SCUTPA claim,[1] and assuming he can obtain punitive damages, it appears to a legal certainty that he would not be permitted to recover more than $75,000. Hypothetically assuming a 20 to 1 ratio, with a recovery of $200 for punitive damages and $10 for compensatory damages, if the 20 to 1 ratio could pass constitutional muster, Plaintiff cannot recover anywhere near $75,000. *See E.E.O.C. v. Fed. Express Corp.*, 513 F.3d 360, 377-78 (4th Cir. 2008) (finding that a 12.5 to 1 ratio between the compensatory and punitive damages awards did not, as a matter of law, render the punitive damages award unconstitutionally excessive). Moreover, even if Plaintiff could recover treble damages under the SCUTPA, it appears

---

[1] Plaintiff failed to state a claim on which relief may be granted as to the fraud claim because he did not allege the nine necessary elements. *See Ardis v. Cox*, 431 S.E.2d 267, 269 (S.C. App. 1993) (listing the nine elements that must be alleged in a complaint for fraud).

to a legal certainty that he would not be permitted to recover more than $75,000. Accordingly, the Complaint does not allege the amount in controversy to satisfy diversity jurisdiction.[2]

Finally, if Plaintiff is seeking to hold Defendant criminally liable for theft or embezzlement, such relief is not available in this action. Plaintiff cannot have this court prosecute criminal charges against the defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

## Recommendation

For the foregoing reasons, it is recommended that the court dismiss this action *without prejudice*.

IT IS SO RECOMMENDED.

February 27, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Notably, Plaintiff is not without a judicial remedy. He may be able to bring suit against Defendant in a South Carolina court.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).