IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Aubrey Vernell Haynes, | ) | Civil Action No.: 4:12-cv-00329-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Paree, *Nubian Princess Ent.*; *is being sued in her official, individual, and personal capacities; jointly and separately, et al. Defendant being sued in her individual and personal capacities, jointly and separately for declaratory, injunctive and monetary, etc.*, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, filed this civil action. It appears that Plaintiff is an inmate at a Michigan state correctional facility. This matter is before the court with the [Docket Entry 11] Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] filed on February 27, 2012. In her R&R, the Magistrate Judge "recommend[ed] that the district [court] dismiss the Complaint in this case without prejudice." (R&R at 1.) Plaintiff timely filed Objections to the R&R. (*See* Obj. [Docket Entry 13].)

**Background**

In his Complaint, Plaintiff alleges that, on October 17, 2011, he sent an institutional check for ten (10) dollars to Defendant, who allegedly lives in Timmonsville, South Carolina. (Compl. [Docket Entry 1] at 3.) Plaintiff alleges that he sent the ten (10) dollars to purchase a "'color photo catalog', and (8x10) photo." (*Id.*) It is further alleged that Defendant received the ten (10) dollars,

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), D.S.C.

but failed to provide Plaintiff, a "public consumer/customer," with the purchased products. (*Id.*) He alleges that Defendant "failed to 'live-up' to her 'duties and obligations' as an 'owner' of a []legitimate-corporation[]." (*Id.*) Plaintiff states that he is litigating the following issues: false advertisement, consumer fraud, breach of contract, embezzlement, and fraud/theft. (*Id.* at 2.) For relief, he specifically seeks the following: a declaratory ruling that Defendant violated the "Customer Rights Act/Law" and violated Plaintiff's constitutional rights to due process and equal protection; and, compensatory and punitive damages. (*Id.* at 4.)

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In her R&R, the Magistrate Judge concluded that Plaintiff's Complaint provided no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. (R&R at 3-7.) Upon review of the R&R and Objections, this court agrees.

As an initial matter, the undersigned notes that the Magistrate Judge concluded "the Complaint does not allege the amount in controversy to satisfy diversity jurisdiction." (*Id.* at 7.) More specifically, the Magistrate Judge concluded as follows: "Plaintiff does not allege a sufficient amount in controversy because he seeks unspecified compensatory and punitive damages, and the underlying dispute relates to a $10 purchase of goods." (*Id.* at 6.) Although Plaintiff filed Objections to the R&R, which will be discussed in full below, nowhere in those Objections does Plaintiff assert or argue that the Magistrate Judge erred in her finding regarding the amount in controversy. Accordingly, after reviewing the record for clear error and finding none, the court adopts this recommendation of the Magistrate Judge.[2] *See Diamond*, 416 F.3d at 315.

In addition, the Magistrate Judge also concluded that "Plaintiff d[id] not allege a cognizable federal question claim that would give this court subject matter jurisdiction over this action." (R&R at 5.) Plaintiff specifically objected to this recommendation. First, Plaintiff contends that he has raised a federal claim under 42 U.S.C. § 1983 and the Fourteenth Amendment. (Obj. at 1-2.) However, to the extent that Plaintiff has attempted to raise such a claim, he has failed because Defendant is a private individual and not a state actor. As accurately noted by the Magistrate Judge,

---

[2] Additionally, the Magistrate Judge also found that "if Plaintiff is seeking to hold Defendant criminally liable for theft or embezzlement, such relief is not available in this action." (R&R at 7.) The court notes that in his Objections, however, Plaintiff indicated that he "'is not' seeking to hold Defendant [] criminally liable . . . 'only' civilly [sic] liable." (Obj. at 3.)

3

purely private conduct, no matter how wrongful or discriminatory, generally is not actionable under § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *see also Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) ("T[he] [Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." (internal citations and quotations omitted)). This objection is therefore overruled. Second, Plaintiff contends that he has also asserted a claim under the Federal Trade Commission Act. (Obj. at 2.) However, while this objection does clarify upon which federal statute Plaintiff attempts to rely, it fails to address the Magistrate Judge's ultimate conclusion that "[t]he FTC Act . . . does not give individuals a private cause of action." (R&R at 5 (citing 15 U.S.C. § 45(a)(1)).)[3] The court overrules this objection, as "[i]t is well-settled that there is no private, federal claim for . . . violations of the Federal Trade Commission Act." *Summey v. Ford Motor Credit Co.*, 449 F. Supp. 132, 135 (D.S.C. 1976) (citing *Moore v. N.Y. Cotton Exhange*, 270 U.S. 593 (1926)); *see also King v. Wilmington Transit Co.*, 976 F. Supp. 356, 358 (E.D.N.C. 1997) ("Congress did not intend to create a private cause of action by enacting the FTCA.") Accordingly, the undersigned ultimately concludes, as did the Magistrate Judge, that Plaintiff has failed to allege a cognizable federal question claim giving rise to subject matter jurisdiction.

Finally, Plaintiff attempts to argue that this court has supplemental jurisdiction to hear his "state law claims" of "breach of contract, fraud and a violation of the South Carolina Unfair Trade Practices Act." (Obj. at 2.) While it is true that federal courts are allowed to hear and decide state-

---

[3] The court notes that although the Magistrate Judge initially indicated that "Plaintiff d[id] not rely on a specific federal statute," she went on to analyze both the Federal Trade Commission Act and the Lanham Act anyway. (R&R at 4-5.) The Magistrate Judge ultimately concluded that neither act provided Plaintiff, a customer/consumer, with a private cause of action. (*Id.*)

law claims in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction,"[4] because Plaintiff has asserted no valid, cognizable federal claims, this court lacks any such supplemental jurisdiction. Accordingly, this objection is without merit.[5]

## Conclusion

The court has thoroughly reviewed the entire record, including the R&R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's Objections and adopts and incorporates by reference the Magistrate Judge's R&R. Accordingly, it is therefore **ORDERED** that this action is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                       s/R. Bryan Harwell
                                       R. Bryan Harwell
                                       United States District Judge

Florence, South Carolina
March 27, 2012

---

[4] Section 1367 of Title 28 of the United States Code specifically provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[5] As an additional matter, the court notes that Plaintiff mentions in his Objections that he wishes "to amend his original complaint." (Obj. at 3.) However, Plaintiff has not provided the court with any amended complaint, nor has he even indicated to the court why or how he intends to amend the complaint. In denying his request, the court further notes that this Order dismisses his original complaint *without prejudice* to his right to re-file another complaint in the future.

5